Dean C. Waldt (029475)
Michael A. DiGiacomo (032251)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
waldtd@ballardspahr.com
digiacomom@ballardspahr.com
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Counsel for U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Bear Stearns Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-PWR9, by and through its authorized special servicer, C-III Asset Management LLC, a Delaware limited liability company*



**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

In re:

TUCSON ONE, LLC,

Debtor.

Chapter 11 Proceedings

Case No. 4:17-bk-11219-BMW

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Bear Stearns Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-PWR9, by and through its authorized special servicer, C-III Asset Management LLC, a Delaware limited liability company, in its capacity as special servicer (the “Lender”), by and through undersigned counsel, hereby submits this reply in support of *U.S. Bank as Trustee’s Motion for Relief from Stay* (the “Motion”) [Dkt. No. 48] and in response to the

*Response in Opposition to Motion for Relief from the Automatic Stay* (the "Response") [Dkt. No. 52] filed by Tucson One, LLC ( the "Debtor").

## I. PRELIMINARY STATEMENT

In the Response, Debtor refutes none of the substantive allegations in the Motion. In fact, Debtor concedes that the Property[1] has fallen into disrepair and that Debtor lacks both the funds and the intention to repair and maintain the Property in order to attempt, at the very least, to stabilize its value. Debtor does not contest that it lacks equity in the Property and that the value of the Property has been on a steady decline while in the Debtor's possession, including since the initiation of this Case[2].

Nevertheless, Debtor argues in the Response that the Property is essential for its reorganization and that it has filed a Plan capable of confirmation within a reasonable time. But Debtor's subjective beliefs about its ability to confirm and implement its Plan and its prospects for a successful reorganization stand in stark contrast to the reality of the Debtor's situation.

Debtor has failed in its efforts to locate a tenant for the Property after more than 18 months. During that time, the Property has suffered from neglect, vandalism, and squatting, and has lost significant value. Debtor has no equity in the Property, no realistic hope of retaining a new tenant for the Property, no intention or ability to stabilize the Property's value, and no intention or ability to make adequate protection payments to Lender.

After filing this chapter 11 case on September 22, 2017, Debtor spent nine months in bankruptcy doing little more than filing a placeholder safe-harbor Plan and Disclosure Statement on December 21, 2017 to avoid mandatory stay relief under Section 362(d)(3)

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

[2] Pursuant to Section 362(g)(2), since Debtor does not contest a lack of equity in the Property the burden of proof to avoid the granting of relief from the automatic stay squarely rests with Debtor.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

in this single-asset real estate case. Debtor then waited three more months, until March 21, 2018, to lodge a proposed Order to set a hearing on the Disclosure Statement.

Debtor cannot begin to assert that the interests of Lender are adequately protected. Nor can Debtor credibly assert that it has any viable basis for reorganization in the offing.

Lender is entitled to relief from the automatic stay for cause based on the decline in the Property's value, Debtor's lack of equity in the Property, Debtor's demonstrated inability to provide Lender with adequate protection against the growing diminution in value of the Property, and Debtor's failure to propose a confirmable plan of reorganization within a reasonable time.

## II. Lender Is Entitled To Relief From The Automatic Stay For "Cause" Under Section 362(d)(1)

In the Stay Motion, Lender set forth the grounds under which "cause" is established under section 362(d)(1)[3] to terminate the automatic stay as to the Property.

Debtor has failed to secure or maintain the Property, resulting in diminution in the Property's value. Debtor has no equity in the Property. Debtor has no ability to adequately protect Lender's interest in the Property.

The burden is on Debtor to demonstrate that there is no "cause" to terminate the automatic stay. *Ellis v. Parr* (*In re Ellis*), 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) ("the proponent of the stay—the debtor here—has the burden of showing that there is no cause to terminate the stay"). Debtor has failed to meet its burden.

### A. Debtor Lacks Equity In The Property, Has Failured To Secure Or Maintain The Property, And The Property Is Diminishing In Value

The Modified Plan filed by Debtor on April 18, 2018 (Dkt. No. 50)( the "Plan") asserts that the Property has a value of approximately $500,000. Lender has filed an unchallanged proof of claim in this case in the approximate amount of $2.6 million. There is no equity in the Property.

---

[3] References to "Section" refer to a section of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Debtor does not dispute that the Property is in disrepair. Indeed, Debtor states in its Response that a prior tenant "grossly failed to maintain [the Property]" [Dkt. No. 52 at 2] and that the Property suffers from "damaged and unsecured fencing, damaged carpet and broken floor tiles, a leaking roof, and improperly serviced HVAC units" [*Id.*]. Although Debtor contends that the Property is "absolutely necessary for an effective reorganization" [*id.* at 3], it further admits "no funds have been available to make the immediate repairs to the Property" [*id.* at 2] and that its approved real estate broker has advised Debtor not to make any improvements to the Property at this time [*id.* at 3].

Tellingly, Debtor ignores, and thus tacitly admits, Lender's allegation that the Property's value has steadily declined and continues to decline during the pendency of this bankruptcy case. Further, Debtor has failed to pay real estate taxes as they become due on the Property. The taxes continue to accrue interest further devaluing the Property.[4]

Debtor admits that it has no intention or ability to repair the Property or expend funds to preserve its current value. Although Debtor relies on the affidavit of its real estate broker, explaining any "improvements" could be "wasteful and unnecessary" until the needs or wishes of a new tenant are known, it wholly ignores the fact that general maintenance and security of the Property, including such basics as a structurally sound roof, serviced and operational HVAC units, and secure windows and doors, would be a benefit to any prospective tenant. Debtor essentially represents that it plans to market the Property as-is-where-is and, in the meantime, the Property will lie fallow.

Although Debtor argues that its principal's amorphous "new capital contributions" will be used to implement its Plan and that its principal "fully intends to contribute the amounts necessary to cover the confirmed Plan payments and make any required improvements to the Property," [Response at 4] Debtor has made abundantly clear that it is unwilling or unable to make any immediate payments towards stabilizing the Property

---

[4] Presently, outstanding overdue real estate taxes on the Property are due in the amount of $28,811.90.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

or adequately protecting Lender's interest in the Property. There is no evidence that the principal will in fact contribute capital or even if the principal has the financial capacity to contribute sufficient capital. Debtor has not carried its burden under § 362(d)(1).

**B. Debtor Concedes That It Has No Ability To Adequately Protect Lender**

Debtor does not refute the fact that the Property's value has consistently declined. Debtor simply ignores Lender's point regarding its failure to make adequate protection payments. Lender explicitly alleged that "Tucson One has no ability to make adequate protection payments to Lender." Motion at 8.

Similarly, as noted above, Debtor does not and cannot argue that it has equity in the Property. Debtor scheduled the value of the Property at $1.1 million and the value of Lender's claim in the bankruptcy at $2.4 million. Debtor's latest Plan iteration estimates value at $500,000. Lender's unchallenged Proof of Claim is $2.6 million—it is clear that Lender is significantly under secured.

Debtor has failed to carry its burden to demonstrate there is no cause for stay relief under § 362(d)(1).

**III. <u>Lender Is Entitled To Relief From The Automatic Stay Under Section 362(d)(2) Because Debtor Lacks Equity And Cannot Demonstrate That The Property Is Necessary For An Effective Reorganization</u>**

Debtor contends that the Property is necessary to confirm the Plan. At the most basic level, this is true in every single-asset real estate case. Without the Property there is no case and no chapter 11 plan. However, the statement of a simple axiom is not a legal argument supported by actual facts. To avoid stay relief, the proposed Plan must be more than a filed document without a basis in reality.

To effectuate its Plan, Debtor proposes to secure an unknown new tenant for the Property under unknown lease terms and proposes that its principal will contribute an undefined amount of new capital to fund Plan payments and make necessary repairs to the Property if a new tenant ever appears.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Under the Bankruptcy Code and established case law, Debtor has not proposed a confirmable plan. What is required for Debtor to meet its burden under § 362(d)(2) "is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect*." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76 (1988).

Debtor's Plan is patently unconfirmable.[5] Debtor proposes to confirm a plan, which (1) does not provide for an impaired accepting class; (2) does not meet the best interest of creditors' test; (3) is wholly lacking in feasibility; (4) is not fair and equitable; and (5) that violates the absolute priority rule. Based on these deficiencies, the Plan is patently unconfirmable on its face.

Even if the Plan were legally capable of confirmation, the Plan is based entirely on speculation. Debtor relies on an affidavit of its real estate broker to allege that there is "serious interest in the Property." But, this means nothing. Debtor has not disclosed the identity of any potential tenant, the amount of rent it expects to collect from such tenant, the length of any prospective lease with the tenant, or any evidence regarding this "seriously-interested" tenant's ability to perform under the unknown lease under unknown terms. Should no tenant be found in a reasonable time (the Plan provides no timetable), the Plan does not provide for a bid or sale procedure, account for a potential credit bid by Lender, or discuss how the business would be wound up after any potential sale.

Lender is entitled to relief under § 362(d)(2).

[5] Lender will file an Objection to Tucson One's disclosure statement fully addressing the facial defects in the Plan and such Objection is incorporated herein by reference.

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

## IV. Lender Is Entitled To Relief From The Automatic Stay For Cause Under Section 362(d)(3)

Section 362(d)(3) mandates that stay relief be granted in a single-asset case if a debtor fails to file a plan that has a reasonable likelihood of confirmation in a reasonable time or fails to make adequate protection payments.

Here, Debtor filed its Plan on the 90th day after filing its petition in order to avoid mandatory stay relief. However, as noted above, the Plan is patently unconfirmable, wholly speculative, and there is no likelihood that it will be confirmed in a reasonable time. Debtor delayed the process even further by waiting to seek approval of its Disclosure Statement until months after filing the Plan.

Debtor has been in bankruptcy for nine months and has only now begun to take steps to effect approval of a Disclosure Statement and confirmation of its Plan. Beginning these efforts nine months into a single asset real estate case and then offering a plan that is facially non-confirmable and based on no existing factual reality is not "reasonable" under the Code.

Lender is entitled to relief under § 362(d)(3).

## V. CONCLUSION

For the reasons stated above, and pursuant to §§ 362(d)(1); (d)(2); and (d)(3), Lender requests that the Bankruptcy Court enter an order (1) terminating the automatic stay of § 362(a) with respect to the Property; (2) allowing Lender to exercise any and all of its contractual and state law rights and remedies in and to the Property; (3) waiving the stay provisions of Bankruptcy Rule 4001(a)(3) to allow Lender to proceed with the recovery of its collateral without further delay; and (4) granting such other and further relief as the Court deems just and proper under the circumstances.

/ / /

/ / /

/ / /

/ / /

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

RESPECTFULLY SUBMITTED this 11th day of May, 2018.

BALLARD SPAHR LLP

By: */s/ Michael A. DiGiacomo*
Dean C. Waldt
Michael A. DiGiacomo
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555

*Counsel for U.S. Bank National Association, as Trustee, successor-in-interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for the registered holders of Bear Stearns Commercial Mortgage Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-PWR9, by and through its authorized special servicer, C-III Asset Management LLC, a Delaware limited liability company*

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

COPY of the foregoing electronically filed and transmitted via CM/ECF this same date to all parties requesting notice in this case.

By: */s/ Tasha Hart*