1  Dean C. Waldt (029475)
   Michael A. DiGiacomo (032251)
2  BALLARD SPAHR LLP
   1 East Washington Street, Suite 2300
3  Phoenix, AZ 85004-2555
   waldtd@ballardspahr.com
4  digiacomom@ballardspahr.com
   Telephone: 602.798.5400
5  Facsimile: 602.798.5595

6  *Counsel for U.S. Bank National Association,*
   *as Trustee, successor-in-interest to Bank of*
7  *America, National Association, as Trustee,*
   *successor by merger to LaSalle Bank*
8  *National Association, as Trustee for the*
   *registered holders of Bear Stearns*
9  *Commercial Mortgage Securities, Inc.,*
   *Commercial Mortgage Pass-Through*
10 *Certificates, Series 2005-PWR9, by and*
   *through its authorized special servicer, C-*
11 *III Asset Management LLC, a Delaware*
   *limited liability company*

12

13              **UNITED STATES BANKRUPTCY COURT**

14              **FOR THE DISTRICT OF ARIZONA**

15

16  In re:                              | Chapter 11 Proceedings

17  TUCSON ONE, LLC,                     | Case No. 4:17-bk-11219-BMW

18       Debtor.                        | **RESPONSE AND RESERVATION OF
                                           RIGHTS REGARDING DEBTOR'S
19                                         MOTION FOR VALUATION
                                           HEARING**

20

21        U.S. Bank National Association, as Trustee, successor-in-interest to Bank of

22  America, National Association, as Trustee, successor by merger to LaSalle Bank National

23  Association, as Trustee for the registered holders of Bear Stearns Commercial Mortgage

24  Securities, Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-PWR9, by

25  and through its authorized special servicer, C-III Asset Management LLC, a Delaware

26  limited liability company, in its capacity as special servicer (the "Lender"), by and

27  through undersigned counsel, hereby submits this response to the *Motion for Valuation*

28  *Hearing* (the "Motion") [Dkt. No. 60] filed by Tucson One, LLC ( the "Debtor").

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ  85004-2555

## I. **Background**

Debtor has requested that the Court set a hearing to determine the value of the commercial property located at 3700 E. Ft. Lowell Road, Tucson, Arizona, 85716 (the "Property). The Property is the sole asset of the Debtor's bankruptcy estate. This is a single asset real estate case subject to section 362(d)(3) of the Bankruptcy Code. Lender's Motion for relief from the automatic stay is pending before this Court (the "Stay Relief Motion") [Dkt. No. 49]. The Stay Relief Motion seeks relief under §§ 362(d)(1), (2) and (3) of the Bankruptcy Code. The Property is radically under-secured and is completely encumbered by a deed of trust securing repayment of a note, which evidences a loan made to Debtor in the original principal amount of $2,469,500.00. Lender is the current owner, holder, and beneficiary of and under the loan, the note, and the deed of trust. Debtor has no equity in the Property, has failed to provide Lender with adequate protection, and has failed to submit a plan of reorganization with a reasonable likelihood of confirmation within a reasonable time.

## II. **Lender's Response and Reservation of Rights**

Subject to its full reservation of rights with respect to the Stay Relief Motion, Lender does not object to the scheduling of a valuation hearing by the Court in this case. However, Lender respectfully submits that no valuation hearing should be scheduled until after the Court considers and rules upon the Stay Relief Motion. If the Stay Relief Motion is granted, the request for a valuation hearing will be moot.

If a valuation hearing is scheduled, Lender intends to dispute any evidence Debtor presents at any hearing regarding the valuation of the Property. To that end, Lender affirmatively states that its lack of objection to the scheduling of a valuation hearing should not be construed as a waiver of any argument regarding the value of the Property, the method by which value is established, or the admissibility or weight of any appraisal or declaration Debtor provides in support of valuation.

Lender hereby reserves its rights to object to any appraisal or declaration put forth by the Debtor to support its position on the Property's value. Lender further reserves its

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555

1  right to present evidence and legal argument in support of its position on the Property's

2  value at any valuation hearing scheduled by the Court, including expert evidence in the

3  form of independent appraisals and rebuttal evidence related to any valuation evidence

4  presented by the Debtor.

5  **III.    Conclusion**

6        For the reasons stated above, Lender does not object to the scheduling of a

7  valuation hearing after the Court considers and rules upon the pending Stay Relief

8  Motion, and Lender requests that any such hearing be scheduled allowing sufficient time

9  for Lender to prepare and present its evidence regarding the Property's value.  Lender

10  reserves its rights to object to the Debtor's evidence at any hearing and further reserves

11  its rights to present direct and rebuttal evidence regarding the Property's value.

12

13        RESPECTFULLY SUBMITTED this 13th day of June, 2018.

14                                        BALLARD SPAHR LLP

15                                        By:  */s/ Michael A. DiGiacomo*
                                              Dean C. Waldt
16                                            Michael A. DiGiacomo
                                              1 East Washington Street, Suite 2300
17                                            Phoenix, AZ 85004-2555

18                                        *Counsel for U.S. Bank National Association, as*
                                          *Trustee, successor-in-interest to Bank of*
19                                        *America, National Association, as Trustee,*
                                          *successor by merger to LaSalle Bank National*
20                                        *Association, as Trustee for the registered*
                                          *holders of Bear Stearns Commercial Mortgage*
21                                        *Securities, Inc., Commercial Mortgage Pass-*
                                          *Through Certificates, Series 2005-PWR9, by*
22                                        *and through its authorized special servicer, C-*
                                          *III Asset Management LLC, a Delaware limited*
23                                        *liability company*

24

25
   COPY of the foregoing electronically filed
26  and transmitted via CM/ECF this same date
   to all parties requesting notice in this case.
27

28  By: */s/ Caroline Wright*